966 F.2d 1457
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward J. BONILLA, Defendant-Appellant.
 No. 90-2196.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 19, 1992.[1]
Decided June 9, 1992.
 
 Before CUMMINGS, and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Edward Bonilla was arrested for possession with intent to distribute one kilogram of cocaine, and for conspiracy to possess and distribute that cocaine. Bonilla was convicted by a jury of both counts. Bonilla appeals his conviction on the conspiracy count, citing insufficient evidence for conviction.
 
 I. FACTS
 
 2
 On a November night in Milwaukee, Edward Bonilla borrowed a car from a friend. He and the friend's brother, Gilbert Alverio, drove to an auto repair shop to purchase cocaine. Unfortunately for them, Milwaukee police officers watched as Bonilla and Alverio parked, entered the shop, and exited the shop approximately five minutes later with a package. Alverio carried the package underneath his jacket tucked under his arm. Bonilla went directly to the car, but Alverio walked to the street, checked both directions, then walked back to the car and got in. Once inside, Alverio tucked the package underneath his seat, the front passenger side of the car. Based on their observations and the information that caused them to watch the auto shop, the officers stopped the car and arrested both men. Alverio had $2400 cash in his possession. Bonilla had less than $10. A later analysis showed that the seized package contained a kilogram of cocaine. A subsequent search of the auto shop resulted in $3577 cash, but no drugs or drug paraphernalia.
 
 II. ANALYSIS
 
 3
 We proceed knowing that a defendant's burden is great when seeking to overturn a jury verdict regarding sufficiency of the evidence. United States v. Brimberry, No. 90-3754, slip op. at 9 (7th Cir. April 17, 1992). When reviewing these claims, we consider the evidence in the light most favorable to the government and ask if any rational trier of fact could have found the defendant guilty beyond any reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979). We do this knowing that the fact-finder may draw reasonable inferences based upon the evidence presented at trial. This includes circumstantial evidence, which may be the sole support for the conviction. United States v. Nesbitt, 852 F.2d 1502, 1510 (7th Cir.1988). This is a very deferential standard, making the defendant's burden difficult to overcome. United States v. Cochran, 955 F.2d 1116, 1122 (7th Cir.1992).
 
 
 4
 Substantial evidence must support the existence of a conspiracy and the defendant's participation in that conspiracy. United States v. Caudill, 915 F.2d 294, 297 (7th Cir.1990). A conspiracy is a combination or confederation of at least two people, formed for the purpose of committing a criminal act by their joint efforts. United States v. Kimmons, 917 F.2d 1011, 1016 (7th Cir.1990). The prosecution must show that the defendant knew of the conspiracy and intended to join it and associate with the criminal purpose of the conspiracy. United States v. Morrison, 946 F.2d 484, 491 (7th Cir.1991). Mere presence at the crime scene or knowledge that an illegal activity is occuring is not enough to support a conspiracy conviction. However, presence equates to knowing participation in a conspiracy when the circumstances are suspicious and the existence of the conspiracy was already established. United States v. Dalzotto, 603 F.2d 642, 645 (7th Cir.1979). Although the charge was brought based upon but a single transaction, that may be enough to satisfy the crime if the circumstances surrounding the incident allow an inference that the incident was intended to advance the conspiracy. See Cochran, 955 F.2d at 1123; see also United States v. Muehlbauer, 892 F.2d 664 (7th Cir.1990).
 
 
 5
 Bonilla was not merely present at the crime scene. Rather, he borrowed the car to get to the scene, drove himself and Alverio to and from the scene, was present at the exchange of drugs and money, and waited for Alverio to check for a clear get-away before departing the scene. He possessed a kilogram of uncut cocaine. In this case, substantial evidence supports that at least two people, Bonilla and Alverio, joined together to commit the criminal act of conspiracy to possess and distribute cocaine by their joint efforts.
 
 III. CONCLUSION
 
 6
 The defendant's conspiracy conviction is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). The appellants filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record